**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamella Lewis,<br><br>    Plaintiff,<br><br>vs.<br><br>JPMorgan Chase Bank, N,A.; and Quality Loan Services, et al.,<br><br>    Defendants. | No. CV 12-08054-PCT-NVW<br><br>**ORDER** |

Before the Court is Defendant JPMorgan Chase Bank's "Motion to Dismiss First Amended Complaint" (Doc. 11). For the reasons stated below, this motion will be granted. Certain of Plaintiff's causes of action will be dismissed with prejudice, and the remainder will be dismissed with leave to amend.

**I. LEGAL STANDARD**

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). This "short and plain statement" must also be "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. A claim is plausible if it contains "[f]actual allegations

[sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct alleged, *Iqbal*, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Rather, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).

In evaluating a motion to dismiss, the Court accepts all of Plaintiffs' plausible factual allegations as true and construes the pleadings in a light most favorable to them. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). The Court generally does not look beyond the complaint, but the Court may take judicial notice of matters of public record, even if not alleged in the complaint. *Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## II.   BACKGROUND

Plaintiff owns a home in Flagstaff, Arizona, with both a first and second mortgage. Defendant JPMorgan Chase Bank ("Chase") is her current lender. At some point, Plaintiff began missing payments. She alleges that she has attempted to get current but Chase has refused to accept her payments. Defendant Quality Loan Services has noticed a trustee's sale.[1] Additional allegations will be discussed in the context of the causes of action Plaintiff attempts to assert.

## III.   ANALYSIS

### A.   Counts 1, 3 & 5: A.R.S. § 33-715

Arizona law provides that the borrower in a home-loan relationship may make a "written demand" to the lender for a the payoff amount on the loan. A.R.S. § 33-715(A).[2] If the lender "has more than one branch, office or other place of business, the

---

[1] Plaintiff has agreed to dismiss Quality Loan Services without prejudice.

[2] The Legislature recently amended this statute, 2012 Ariz. Sess. Laws, ch. 175 § 2, but none of the amendments affect this case.

payoff statement demand shall be made to the branch or office address provided in the payment billing notice or payment book." *Id*. § 33-715(G).  Upon receipt of a proper demand, the lender "shall prepare and deliver a payoff demand statement to the person who has requested it within fourteen days after receipt of the demand." *Id*. § 33-715(A). If a lender "willfully fails to prepare and deliver a payoff demand statement for fourteen or more days after receipt of a written demand," the lender "is liable to the entitled person for all damages sustained for failure to deliver the statement.  The [lender] is also liable to the [borrower] for five hundred dollars whether or not actual damages are sustained." *Id*. § 33-715(F).  "Willfully," in this context, "means a failure to comply with this section [*i.e.*, A.R.S. § 33-715] without just cause or excuse." *Id*.  Each such failure "constitutes a separate cause of action." *Id*.

Plaintiff's complaint does not state that she sent her written demand to "the branch or office address provided in the payment billing notice or payment book."  Thus, as stated, Plaintiff's § 33-715 cause of action is defective.   However, her response to the motion to dismiss adds, "Written demand was sent to Defendant 'Chase', both to addresses stated on forms received, that indicated where to send any correspondence, and to the address on billing statements." (Doc. 12 at 4–5.)  Such an allegation would suffice, if included in the complaint.

Defendant nonetheless requests dismissal because Plaintiff has not alleged "willful" failure.  However, Plaintiff cannot be expected to know at the pleading phase whether Chase's failure was "willful" within the meaning of the statute.  Moreover, failure to comply after multiple demands itself supports an inference of willfulness.  Accordingly, Plaintiff's complaint does not fail for lack of a willfulness allegation.

Plaintiff will receive leave to amend her complaint so that she may allege the address of "the branch or office address provided in the payment billing notice or payment book," and that she sent her written demands to that branch office.  She should also provide the dates on which she sent those demands.  Finally, she should state a

separate claim for each written demand, given that each failure to timely respond to a written demand "constitutes a separate cause of action." A.R.S. § 33-715(F).

### B. Count 2: A.R.S. 33-813

Plaintiff alleges that she made numerous attempts to bring both her first and second mortgages up to date, but Chase refuse to accept those payments. Plaintiff therefore claims that Chase violated A.R.S. § 33-813, which requires lenders to permit borrowers to reinstate the trust deed by coming current. Plaintiff has not pleaded that she tendered the entire amount necessary to come current — an amount which the trustee must provide her upon written request. *Id*. § 33-813(D). Plaintiff's claim will therefore be dismissed with leave to amend and provide additional details about when she attempted to tender payment, how much she tendered, and how much was outstanding on her loan(s) at that time.

### C. Count 7: A.R.S. § 33-807.01

If Plaintiff's first deed of trust was "recorded on or after January 1, 2003 through December 31, 2008," and if Plaintiff occupies her home as her principal residence, "the lender must attempt to contact the borrower to explore options to avoid foreclosure at least thirty days before" the lender permits the trustee to record a notice of trustee's sale. A.R.S. § 33-807.01(A). The lender's contact attempt "shall be made in writing and documentation of the notice shall be maintained in the credit file." *Id*. § 33-807.01(B).

Plaintiff alleges that Chase did not meet these duties. But the statute that imposes these duties does not specify what should happen if the lender fails to fulfill them. It does not explicitly create a cause of action, or specify a penalty.

The Court need not resolve whether the statute creates some sort of claim for relief. Plaintiff's own allegations show that she discussed workout options with Chase. By Plaintiff's own admission, then, Chase substantially complied with this statute. Plaintiff therefore states no claim.

### D.     Counts 9 & 10: RESPA

Plaintiff's RESPA claim is insufficiently detailed to support a cause of action. However, Plaintiff will receive leave to amend. In any amendment, Plaintiff should specify the dates and contents of her qualified written requests. Plaintiff should not break out counts 9 and 10 into separate counts, but should consolidate them into one cause of action.

### E.     Other Claims

The remainder of Plaintiff's claims can be disposed of summarily:

- Count 4: Plaintiff's own contract belies her breach of contract argument. (*See* Doc. 13 at 4–5.) This claim therefore fails.
- Count 6: Plaintiff does not have standing to assert the supposed irregularities in the assignments of the deed of trust related to her property. *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. CV11-8085-PCT-JAT, 2012 WL 1931365, at *4 (D. Ariz. May 25, 2012).
- Count 8: Plaintiff disputes the past due amounts stated on a notice she received in late March. But "[t]here is no statutory requirement that the [homeowner/borrower] be supplied with a complete accounting," *Kelly v. NationsBanc Mortg. Corp.*, 199 Ariz. 284, 286–87, 17 P.3d 790, 792–93 (Ct. App. 2000), nor is there any Arizona authority otherwise establishing anything like a right to an accounting in these circumstances. Plaintiff therefore states no claim.
- Count 11: "[T]he activity of foreclosing on a property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA." *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1189 (D. Ariz. 2009) (internal quotation marks omitted; alterations incorporated). Plaintiff's FDCPA cause of action therefore fails.
- Count 12: Plaintiff asserts no Count 12.

- Count 13: Plaintiff asserts that Chase failed to waive service of process and is therefore liable for the costs of service under Federal Rule of Civil Procedure 4(d)(2). This is not a cause of action. Moreover, Plaintiff commenced this action — and served Chase — in state court. The Arizona Rules of Civil Procedure contain no provision analogous to Federal Rule 4(d)(2). Thus, to the extent Count 13 could be construed as a Rule 4(d)(2) motion, it fails.

- Count 14: The Arizona courts have not recognized a cause of action for wrongful foreclosure on a note in default, and the Ninth Circuit has counseled the district courts against trailblazing such a cause of action. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011). Accordingly, Plaintiff states no cause of action for wrongful foreclosure — especially considering that Plaintiff has not yet been foreclosed upon.

- Count 15: The causes of action on which Plaintiff will receive leave to amend will adequately adjudicate Plaintiff's rights against Chase. There is no need for a separate declaratory judgment claim.

IT IS THEREFORE ORDERED that Defendant JPMorgan Chase Bank's "Motion to Dismiss First Amended Complaint" (Doc. 11) is GRANTED.

IT IS FURTHER ORDERED that Counts 4, 6–8, and 11–15 of Plaintiff's first amended complaint are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Counts 1, 2, 3, 5, 9, and 10 are DISMISSED with leave to amend. Plaintiff must file an amended complaint by July 27, 2012. Plaintiff's amended complaint must also state her allegations in numbered paragraphs. *See* Fed. R. Civ. P. 10(b). If Plaintiff does not timely file an amended complaint, her case may be dismissed without further warning.

//
//

IT IS FURTHER ORDERED that Defendant Quality Loan Services is DISMISSED without prejudice.

Dated this 29th day of June, 2012.

_____
Neil V. Wake
United States District Judge