**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamella Lewis, | No. CV-12-08054-PCT-NVW |
| Plaintiff, | |
| vs. | **ORDER** |
| JPMorgan Chase Bank, N.A.; Quality Loan Services, et al., | |
| Defendants. | |

Before the Court is Defendant JPMorgan Chase Bank's Motion to Dismiss Second Amended Complaint (Doc. 18). For the reasons stated below, this Motion will be granted, and Plaintiff's claims will be dismissed with prejudice.

**I.     Background**

Plaintiff owns a home in Flagstaff, Arizona, with both a first and second mortgage. Defendant JPMorgan Chase Bank ("Chase") is her current lender. At some point, Plaintiff began missing payments and defaulted on the loans. She alleges that she has attempted to bring both loans current but Chase has refused to accept her payments. Quality Loan Services – previously a defendant in this case – has noticed a trustee's sale that has not yet occurred.

**II.     Legal Standard**

To state a claim for relief under Fed. R. Civ. P. 8(a), a plaintiff must make "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in

order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  This "short and plain statement" must also be "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*. at 679.  A claim is plausible if it contains "[f]actual allegations [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and to permit a reasonable inference that the defendant is liable for the conduct alleged, *Iqbal*, 556 U.S. at 678.  In evaluating a motion to dismiss, the Court accepts all of Plaintiffs' plausible factual allegations as true and construes the pleadings in a light most favorable to them.  *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The principle that a court accepts as true all of the allegations in a complaint does not, however, apply to legal conclusions or conclusory factual allegations.  *Iqbal*, 566 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*.  Rather, the plaintiff must at least "allege sufficient facts to state the elements of [the relevant] claim."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008).   A court may consider material beyond the pleadings on a motion to dismiss when documents are described in a complaint, the documents' authenticity is not contested, and the plaintiff's complaint necessarily relies on them.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

**III.   Analysis**

**A.   Counts Previously Dismissed with Prejudice**

The Court previously dismissed with prejudice several of the claims that Plaintiff reintroduced in her Second Amended Complaint (SAC).  Count 3 for breach of contract, Count 3B (also listed as Count 3 in the SAC) for declaratory relief, Count 4 for violation of A.R.S. § 33-807, Count 6 for violation of the Fair Debt Collections Practices Act

(FDCPA), Count 7 for declaratory relief, and Count 8 for wrongful foreclosure were all dismissed with prejudice in a previous Order (Doc. 14). Plaintiff has again included each of these claims in her SAC without seeking leave of the Court. Nevertheless, the Court has again considered each of the counts as stated in the SAC to determine whether new allegations or theories are presented. Plaintiff has again failed to state a claim in each count.

In Count 3, Plaintiff has not stated a claim for breach of contract: she generally alleges that an adjustment of the periodic rate and annual percentage rate on the second mortgage was not performed, but fails to identify when or how a breach of the contract occurred. In Count 3B, Plaintiff seeks declaratory relief based on a theory that alleges defects in assignment of the deed of trust. As before, Plaintiff lacks standing to bring such a claim. *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. CV11-8085-PCT-JAT, 2012 WL 1931365, at *4 (D. Ariz. May 25, 2012). In Count 4, Plaintiff alleges violation of § A.R.S. § 33-807, which requires lenders to contact borrowers in an attempt to avoid foreclosure at least thirty days before the notice of trustee's sale can be issued. A.R.S. § 33-807.01(A). Plaintiff fails to state a claim under A.R.S. § 33-807, however, because her allegations make clear that she did discuss options to avoid foreclosure with Defendant on several occasions. (Doc. 17 at 15-17.) In Count 6, Plaintiff again argues that Defendant violated the FDCPA. But Chase –as a mortgage servicing company – is not a debt collector subject to the FDCPA when the debt it takes for servicing is not in default. *Diessner v. Mortg. Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1188-89 (D. Ariz. 2009). Plaintiff has not alleged that the loans were in default when Chase began servicing the loan, and so fails to state a claim under the FDCPA. In Count 7, Plaintiff seeks declaratory relief based on allegations that Defendant was not a proper assignee because it did not produce the original promissory note. Plaintiff contends that this is not a "show me the note" claim, but the basis of the claim is Plaintiff's allegation that she cannot be "in default until Defendant can exhibit the instrument, proving dishonor."

(Doc 17 at 57.)  Count 7 is, therefore, effectively a "show me the note" claim that fails as a matter of law.  *Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 784 (Ariz. 2012).  Finally, in Count 8, Plaintiff again brings a claim based on a theory of wrongful foreclosure.   But Arizona courts do not recognize a cause of action for wrongful foreclosure on a note in default, and the Ninth Circuit has counseled the district courts against trailblazing such a cause of action.  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011).   Accordingly, all of these Counts will again be dismissed, with prejudice.

### B.      Count 1: A.R.S. § 33-715

Arizona law provides that the borrower in a home-loan relationship may make a "written demand" to the lender for the payoff amount on the loan.  A.R.S. § 33-715(A).  If the lender "has more than one branch, office or other place of business, the payoff statement demand shall be made to the branch or office address provided in the payment billing notice or payment book."  *Id*. § 33-715(G).  Upon receipt of a proper demand, the lender "shall prepare and deliver a payoff demand statement to the person who has requested it within fourteen days after receipt of the demand."  *Id*. § 33-715(A).  If a lender "willfully fails to prepare and deliver a payoff demand statement for fourteen or more days after receipt of a written demand," the lender "is liable to the entitled person for all damages sustained for failure to deliver the statement.  The [lender] is also liable to the [borrower] for five hundred dollars whether or not actual damages are sustained."  *Id*. § 33-715(F).  "Willfully," in this context, "means a failure to comply with this section [*i.e.*, A.R.S. § 33-715] without just cause or excuse."  *Id*.  Each such failure "constitutes a separate cause of action."  *Id*.

The Court gave Plaintiff leave to amend to clarify her allegation that she had made written demands for the payoff amount on the loan.  In her SAC, Plaintiff does allege that she sent more than ten letters that she alleges were written demands to both Chase and the trustees of her loan and specifies the address to which she sent the letters.  In their Motion

to Dismiss, Defendant produced copies of the letters that Plaintiff sent.  Because the authenticity of the letters is not in dispute, and because Count 1 of SAC necessarily relies on the letters as Plaintiff describes them, the Court may consider these documents at the motion to dismiss stage.  *Lee*, 250 F.3d at 689.  The Court has reviewed the letters (Doc. 18-1), and finds that they cannot be construed as written demands under § 33-715.  In one of the letters, Plaintiff questioned "validity of the foreclosure" in the context of a "grievance against compliance issues" and demanded that Defendant produce all records related to her account.  The letter does not suggest that Plaintiff is making a written payoff demand; rather, the implication is that Plaintiff is challenging the validity of the debt itself.  Each of the letters either asks for a deferral of payment, a delay of the trustee's auction date, or generally questions the validity of the trustee's sale.  None of the letters could be construed as a written payoff demand as contemplated by § 33-715.  In light of the documents themselves, the Court need not accept Plaintiff's conclusory factual statement that the letters were written demands.  As a result, Plaintiff fails to state a claim under A.R.S. § 33-715.

### C.    Count 2: A.R.S. § 33-813

A.R.S. § 33-813 requires lenders to permit borrowers to reinstate the trust deed by paying the entire amount then due "other than the portion of the principal as would not then be due had no default occurred," in addition to other costs.  The trustee is required to provide – upon request by the borrower – a good faith estimate of the amount required to bring the account current and thereby reinstate the trust deed.  A.R.S. § 33-813(C).  Importantly, the statute is clear that it creates a duty on the part of the trustee, not the trust's beneficiary or loan servicer, and specifies that the trustee is liable for any damages.  A.R.S. § 33-813(E).  Defendant is not the trustee of the property in question, and so the statute imposes no liability on Defendant.  *McIntosh v. IndyMac Bank, FSB*, CV-11-1805-PHX-GMS, 2012 WL 176316 (D. Ariz. Jan. 23, 2012).  Plaintiff thus cannot state a claim under A.R.S. § 33-813.

1    **D.      Count 5: RESPA**

2          The Real Estate Settlement Procedures Act (RESPA) imposes on loan servicers a

3    duty to respond to borrower inquiries about their mortgage loans.  Generally, a loan

4    servicer must respond to a qualified written request (QWR) from a borrower within 20

5    days of receipt.  12 U.S.C. § 2605(e)(1)(A).  In order to trigger the loan servicer's duty,

6    the borrower's request must meet the definition of a QWR in the statute, including a

7    requirement that the QWR "include[] a statement of the reasons for the belief of the

8    borrower, to the extent applicable, that the account is in error or provides sufficient detail

9    to the servicer regarding other information sought."  12 U.S.C. § 2605(e)(1)(B).  A QWR

10   is therefore a request from the borrower that relates specifically to the servicing of the

11   loan.  *Brabant v. JP Morgan Chase Bank*, CV 11-00848-TUC-JGZ, 2012 WL 2572281

12   (D. Ariz. July 2, 2012).  In order to be a QWR, a borrower's request must address "the

13   servicing of the loan, and not its validity[.]"  *Consumer Solutions Reo, LLC v. Hillery*,

14   658 F. Supp. 2d 1014 (N.D. Cal. 2009).  Here, as discussed *supra*, Part II.B, the letters

15   Plaintiff alleges to be QWRs did not relate to an error in the servicing of the loan; rather,

16   Plaintiff questioned the validity of the loan.  Plaintiff demanded that Defendant produce

17   the entire file related to her loan, sought deferrals, alleged various compliance violations,

18   and sought restitution for pain and suffering caused by an the notice of trustee's sale, but

19   did not address the servicing of the loan.   As a result, Plaintiff's letters were not QWR,

20   and Plaintiff cannot state a claim under RESPA.

21   **E.      Leave to Amend**

22          The SAC was Plaintiff's third opportunity to state viable claims, including several

23   claims that the Court had previously dismissed with prejudice.  Further amendment of the

24   Complaint would be futile: the SAC is dismissed with prejudice and without leave to

25   amend, and the case is now terminated.

26          //

27          //

28

- 6 -

1    IT IS THEREFORE ORDERED that Defendant JPMorgan Chase Bank's Motion

2  to Dismiss (Doc. 18) is GRANTED.

3    IT IS FURTHER ORDERED that the clerk enter judgment dismissing this action

4  with prejudice.  The clerk shall terminate the case.

5    Dated this 15th day of October, 2012.

Neil V. Wake
United States District Judge